OPINION of the Court, by
Judge Clark.
Irons exhibited his bill in the late district court of BardstoVrn, to enforce execution of a contract made with Bowman for the purchase of 100 acres of land, for which he received his bond fora title. Bowman exhibited his bill;, in the same court, for a rescisión of the contract; alleging that Icpns had not performed his part of i t; and that previous to his purchase he had discovered a very valuable salt spring on the land, which he concealed from him át the time of making the contract, pretending the purchase was,made for the benefit of the wood. That the land sold, with the spring, is worth between, five and twenty fold more than the price engaged to be given. In opposition to the claim of Irons to relief, Bowman relies upon the fraud before stated, sand the failure of Irons, to pay the consideration, which was to have been discharged in salt;
The court decreed Bowman to-convey the 100 acres of laud, and dismissed the bill brought by hita to annul the contract; from which he appealed to this court,
Chancery will not aid in compelling the specific exe-cation of an agreement, unless it has been fair and rer.-sonable — 2 Vern. 632, Pre. Ch. 538. Nor ther, if the contract be merely executory, and the party praying relief has not performed the covenants which ought to *79 'save been performed on his part. On examining the doctrine ■ upon this subject, it will be found that the courts of chancery in England have acted with caution upon subjects where the party can have an adequte remedy at law, and have in most cases refused to decree a specific execution of executory contracts, unless the party applying has in some measure performed his agreement, so that the rules of the common law would not afford complete redress.
Example of cafe in wWcfe fpecific execution will not be decreed*
■ Applying th- ■■■'. rules to the case before us, the inferior court erred u decreeing Bowman to convey the 100 acres of land in the bill mentioned,
From the circumstances in this cause, it would be unreasonable and unjust to compel a conveyance. Though the testimony is not conclusive that Irons knew there was salt water upon the land, before he made the purchase, yet it produces a strong belief that he did know it, and concealed the fact from Bowman. If that fact was sufficiently proven, agreeable to the principle in the case of Bowman vs. Bates, decided this term, we should not hesitate to decree a rescisión of the contract. But combining the inequality of price agreed on, with the real value of the land, the failure on the part of Irons to comply with his part of the agreement, his occupancy of the land from the spring 1799, (the time of making the contract) his retention of the purchase money, with his supposed knowledge of the salt water at the time of making the agreement, destroys his right to demand a specific execution on the part of Bowman, The property, at the time of making the contract, was supposed to be worth one hundred pounds ; it is now proven to be worth from six hundred to a thousand. The contract was made in the spring 1799, the price was to have been paid in salt at twenty-four shillings per hundred, in three instalments ; the last became due in June 1800. He neither paid or tendered the salt when it became due, nor has he in his bill declared a readiness or an offer to perform his part of the agreement. He who demands the execution of an agreement, ought to shew that there has been no default in him, jn per-’ forming.all that was to be done on his part: if, either he will not, or cannot, through his own negligence,' perior® the whole on his side, he has no right to the performance of the other partyj since such performance *80 could not be mutual — 1 Fono. 383. The bill ni Irons ought to have been dismissed, leaving the party to his remedy at law.
Decree on the par; of irons leversed, &c. ; decree dismissing Bowmanh bill affirmed, with costs.